(172 App. Div. 684)

### In re STOWELL.

### In re WALLACE'S ESTATE.

(Supreme Court, Appellate Division, First Department.    May 12, 1916.)

1. COMPROMISE AND SETTLEMENT ⊙⇒15(1)—COMPROMISE BY TRUSTEES—EFFECT.

Petitioner's husband, having an interest in the estate of his father, unascertained because of the uncertain value of securities constituting a major part of the estate, borrowed about $8,000 and assigned his interest in the estate as security, and after such assignment assigned his equity in the estate to petitioner to the extent of $7,500, three-eighths to her individually, and five-eighths to their two children, and thereafter the first assignee, to whom there was then due about $4,000, had it sold at public auction and bid the interest in for $500. Petitioner claimed such sale to be fraudulent and sought an accounting, but the matter was settled by the administrators of her husband's deceased father paying to her the sum of $5,000; the settlement papers not specifically representing her as acting in settlement of her claim as trustee, though providing that she should execute any further papers for the protection of the administrators against any claims under such assignment and to discharge it of record. *Held*, that the settlement was a settlement of petitioner's claims, both individually and as trustee for her infant children, so that her subsequent application for a compulsory settlement of the account of the administrators would be dismissed.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. § 51; Dec. Dig. ⊙⇒15(1).]

2. PARENT AND CHILD ⊙⇒3(1)—LIABILITY FOR MAINTENANCE.

The right of infant children to support from their father survives, not only an agreement by their mother assuming to act as their trustee, but any settlement of that agreement by her.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 33–51; Dec. Dig. ⊙⇒3(1).]

Appeals from Surrogate's Court, New York County.

Application by Carmen M. Stowell, guardian, for a compulsory settlement of the account of George Clarence Stowell, Willis B. Richards, and Philip W. Russell, administrators of the estate of Franklin R. Wallace, deceased. From two decrees of the surrogate, one requiring them to account, and the other setting aside a certain sale of the interest of George Clarence Stowell to Florence C. Keck, Richards and Russell, administrators, appeal. Decrees reversed, and proceedings dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Burt D. Whedon, of New York City, for appellants.

Richard J. Donovan, of New York City, for respondent.

SMITH, J. George Clarence Stowell was the son of Franklin R. Wallace, who died in 1907; Wallace having changed his name in later life. Stowell had an interest in the estate of Wallace, which was uncertain because of the uncertain value of the securities which constituted the major part of that estate. He borrowed of one Flora Keck about $8,000, and assigned his interest in the Wallace estate as security. He had been married to one Carmen M. Stowell, and had two children by her, but was not living with his wife or children, and

to settle certain demands made upon him, after the assignment to Flora Keck, he assigned his equity in that estate to Carmen M. Stowell to the extent of $7,500. The assignment to Carmen M. Stowell was to her individually to the extent of three-eighths of the $7,500, and to her as trustee to the extent of five-eighths thereof for the two children. Thereafter Flora Keck advertised, and in due form sold, the interest of George Clarence Stowell, which she held by assignment, at public auction, and bid in the same for $500. At that time there was due to her from George Clarence Stowell about $4,000. After this sale, claimed by Carmen M. Stowell to have been fraudulent, Carmen M. Stowell sought an accounting. Before the decree was entered, however, the matter was settled by the administrators paying to Carmen M. Stowell the sum of $5,000.

Thereafter the administrators applied for the judicial settlement of their accounts, and cited Carmen M. Stowell individually, and the judicial settlement was decreed.

Now comes Carmen M. Stowell, as general guardian of the infants, and asks for a judicial settlement of the account and the payment of five-eighths of the $7,500 to which the infants are claimed to be entitled under the assignment. To this the administrators answer:

First, that the agreement was made with Carmen M. Stowell as trustee, and not with the infants, and that the infants cannot call them to account, because they are not next of kin of the deceased.

Second, that under the sale the entire equity of George Clarence Stowell went to Flora Keck; hence nothing was left to distribute.

Third, that the decree settling the administrators' accounts, to which Carmen M. Stowell was cited, is conclusive against appellant.

Fourth, that notwithstanding Carmen M. Stowell as trustee and the children were not cited, nevertheless they are bound by the adjudication because their assignor, who was the next of kin, was a party to the proceeding.

Fifth, that the claims of Carmen M. Stowell under the assignment were compromised by payment to her of $5,000, and the administrators were fully released therefrom.

[1, 2] We are all agreed that the fifth objection to these decrees is conclusive against the rights of this respondent to call the executors to account. The original assignment was made between George Clarence Stowell and Carmen M. Stowell, in which she acted both individually and as trustee. Under that assignment the interest of George Clarence Stowell in his equity in the estate, after payment of the debt of Flora Keck, was transferred to Carmen Stowell to the extent of $7,500. This gave Carmen Stowell legal title to three-eighths of the fund for herself individually and of the balance in trust for the children. The estate of George Clarence Stowell had been sold and bid in by Flora Keck for $500. While that sale was challenged by Carmen M. Stowell, it was claimed by the administrators to have constituted a valid transfer of the entire equity to Flora Keck. Under those circumstances Carmen M. Stowell clearly had the power to settle her claim, both as far as she was individually interested therein and as far as she held the same as trustee for her children. It is true that the settlement papers do not specifically represent her as acting in settle-

ment of her claim as trustee. But from the papers themselves, as well as from the circumstances attending the settlement, there can be no doubt of the intention of all parties to settle both claims. Her individual interest in this $7,500 claim would have amounted to only about $2,800. It is not probable that she was paid $5,000 in settlement of a claim of $2,800 only. Furthermore, the settlement papers themselves indicate that the settlement was of her claim both individually and as trustee. It was provided in the settlement agreement that Carmen M. Stowell should execute any further papers for the protection of the administrators "against any claim under said assignment and for the purpose of satisfying and discharging the same of record." The assignment was an assignment made to her both individually and as trustee. That assignment would not be compromised, and could not be discharged of record, if it had been intended only to settle the claim of Carmen M. Stowell for her individual interest therein. It is to be borne in mind that the children's right to support from their father survives, not only an agreement by their mother assuming to act as their trustee, but any settlement of that agreement by her. But that right to support must be enforced in some other proceeding than in an accounting by the executors of the grandfather's estate.

Inasmuch as our determination of this objection disposes of the petitioners' right to an accounting, it is unnecessary to consider the other objections raised by the administrators.

The two decrees, therefore, the one setting aside the sale to Flora Keck and the other directing the accounting, both should be reversed, but without costs, and the proceeding dismissed, on the ground that the petitioners have no standing in court to demand an accounting or to set aside the sale to Flora Keck. Orders filed. All concur.